United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN E. SHAFFER,

Plaintiff,

v.

SANTA CLARA COUNTY SHERIFF'S OFFICE, et al.,

Defendants.

Case No. 26-cv-04530-NW

**ORDER SCREENING COMPLAINT, DISMISSING COMPLAINT WITH LEAVE TO AMEND. AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

Re: ECF No. 4

Plaintiff Devin Shaffer, a state pretrial detainee, filed a *pro se* civil rights lawsuit alleging several claims against Santa Clara County Jail staff. *See* ECF No. 1. On June 11, 2026, Shaffer also filed a motion for leave to amend requesting to change the names of two Defendants. *See* ECF No. 4. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **GRANTS** the motion for leave to amend and **DISMISSES** the Complaint with leave to amend.

## I. BACKGROUND

Shaffer alleges in his Complaint[1] that, on several occasions throughout his current incarceration, staff at the Santa Clara County Jail have discarded or improperly seized his personal items, commissary items, and unspecified papers. On one occasion, in November 2024, Shaffer was moved for his safety to another cell; however, after deputies moved his personal belongings, Shaffer noticed that he was missing commissary items such as soap, condiments, food, toothpaste, and "personal papers." ECF No. 1 at 4. Shaffer estimates that the items were worth approximately $10. In January 2025, Shaffer was again moved to another cell. Deputies Ignacz

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

United States District Court
Northern District of California

and Swanson, who were responsible for moving Shaffer's belongings, allegedly threw away several items, including a bag of coffee, toothpaste, shampoo, condiments, and some first aid items.

During another move in April 2026, Defendants Loaiza #1 and Loaiza #2[2] allegedly lost or discarded bags of rice, coffee, condiments, peanut butter, and some of Shaffer's hygiene items such as deodorant, combs, hair gel, and soap. Shaffer also alleges that several pieces of his mail, including legal mail from the Court and from counsel, were discarded. Shaffer believes that these items were seized in retaliation for his ongoing federal civil rights lawsuits against employees of the Santa Clara County Sheriff's Office.

He seeks monetary damages.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.*

---

[2] In his motion for leave to amend, Shaffer explains that he intended to name Loaiza #1 and Loaiza #2, rather than "Loizano #1" and "Loizano #2," in his Complaint. ECF No. 4 at 1. Because the Court has granted the motion for leave to amend, the Court incorporates Shaffer's requested spelling of these Defendants' last names.

at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. DISCUSSION

The Court considers Shaffer's claims below.

### A. Loss of Personal Property

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa Cnty.*, 116 F.4th 935, 940 (9th Cir. 2024). Because the State must be able to take steps to maintain security and order at pretrial facilities, restrictions and conditions that are reasonably related to a facility's interest in maintaining jail security and order are not considered to be unconstitutional punishment. *See Bell*, 441 U.S. at 540.

Even liberally construed, Shaffer fails to state a cognizable constitutional claim regarding the alleged seizure or disposal of his personal property. The Court notes that the Supreme Court has defined "punishment" in terms of intent but has cautioned that there is "a de minimis level of

imposition with which the Constitution is not concerned." *See Bell*, 441 U.S. at 539 n.21 (citation modified). Here, Shaffer alleges the removal of unspecified documents, miscellaneous personal and canteen items, and condiment packets after he was moved from one cell to another. While he may be able to pursue a claim in small claims court or some other venue for the improper disposal of these items, he fails to allege any facts showing that Defendants' disposal of these items caused more than de minimis harm such that his claim implicates his Fourteenth Amendment due process rights. *Cf. Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (holding that there is no constitutional right to canteen items); *Wright v. Gutierrez*, No. 11-cv-4343-PSG, 2012 WL 1570619, at *9 (C.D. Cal. Apr. 3, 2012) (dismissing a pretrial detainee's procedural due process claims because the plaintiff did not have a protected liberty interest "in the temporary, de minimis loss of canteen and other privileges . . . that do not constitute constitutional violations").

Although the Court questions whether Shaffer can cure this deficiency, the Court grants Shaffer leave to file an amended complaint. If he chooses to file one, Shaffer must explain why he has a protected liberty interest in the items he claims were wrongfully seized or discarded, the approximate value of those items, and the individual or individuals allegedly responsible for the loss of those items.

**B. Retaliatory Seizure of Legal Mail**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–78 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Additionally, prisoners have a protected right to send and receive properly marked legal mail. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209–11 (9th Cir. 2017) (noting that prisoner's receipt of legal mail implicates the

First Amendment).

Liberally construed, Shaffer states a cognizable claim of retaliation based on his allegation that, shortly after Santa Clara County Sheriff's Office staff were served with Shaffer's pending civil rights lawsuit, Defendants Loaiza #1 and Loaiza #2 retaliated against Shaffer by seizing his legal mail without cause. *See, e.g., Quiroz v. Horel*, 85 F. Supp. 3d 1115, 1135–36 (N.D. Cal. 2015) (discussing merits of retaliation claim based on interference with legal mail); *Gonzales v. Leal*, No. 10-cv-02154-OWW, 2011 WL 3648442, at *8–9 (E.D. Cal. Aug. 17, 2011) (finding cognizable claim of retaliation where defendants allegedly interfered with prisoner's legal mail).

**C. Unlinked Defendants**

Shaffer also names the Santa Clara County Sheriff's Office, Captain G. Gill, Deputy Hill, Deputy Selfridge, and Deputy Lomeli as Defendants in this matter, but does not make any factual allegations linking them to any of his claims. All claims against the unlinked Defendants are **DISMISSED WITH LEAVE TO AMEND**.

To the extent that Shaffer intended to allege municipal or supervisorial liability against some of these Defendants, Shaffer is cautioned that he must do more than name these Defendants to state a cognizable claim against them. For example, the Santa Clara County Sheriff's Office is a municipal entity. "[A] local government [or its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To properly plead a claim under *Monell*, it is insufficient for a plaintiff to simply allege that a policy, custom, or practice exists. *AE v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). Under the more stringent pleading requirements set forth in *Twombly* and *Iqbal*, a plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow a municipal entity to effectively defend itself. *Id.* at 636–37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

For Defendants who are supervisors, the Court notes that there is no *respondeat superior* liability under § 1983, *i.e.*, no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are insufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Starr v. Baca*, 652 F.2d 1202, 1208 (9th Cir. 2011).

Accordingly, to state a claim for relief under § 1983 against a supervisor defendant, a plaintiff must allege facts that would support a claim that (1) the supervisor proximately caused the constitutional violation at issue; (2) the supervisor failed to properly train or supervise personnel resulting in the alleged deprivation; (3) the alleged deprivation resulted from custom or policy for which the supervisor was responsible; or (4) the supervisor knew of the alleged misconduct and failed to act to prevent future misconduct. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984).

## IV. CONCLUSION

The Court orders as follows:

1. Shaffer's motion for leave to amend (ECF No. 4) is **GRANTED**.
2. Shaffer states cognizable claims of retaliation against Santa Clara County Sheriff's Deputies Loaiza #1 and Loaiza #2 for allegedly seizing Shaffer's legal mail without justification.
3. All other claims are **DISMISSED WITH LEAVE TO AMEND**.
4. Shaffer has been granted limited leave to amend his Complaint. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint

United States District Court
Northern District of California

completely replaces the original, Shaffer must include all claims and allegations of fact supporting them. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Shaffer is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his complaint, including aforementioned cognizable claims. Failure to amend within the designated time will result in this action moving forward only as to the retaliation claims against Deputies Loaiza #1 and Loaiza #2.

5. It is Shaffer's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk is requested to send a blank prisoner civil rights form to Shaffer with his copy of this order.

**IT IS SO ORDERED.**

Dated: August 11, 2026



Noël Wise
United States District Judge